1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      )       No. 2:08-CR-0093 KJM
                                   )
12                  Plaintiff,     )
                                   )
13        v.                       )
                                   )       **FINAL JURY INSTRUCTIONS**
14  CHARLES HEAD, JEREMY MICHAEL   )
    HEAD, ET AL.,                  )
15                                 )
                    Defendants.    )
16  _____)

17

18

19

20  DATED:  May 28, 2013.

21

22                                 _____
                                   UNITED STATES DISTRICT JUDGE
23

24

25

26

27

28

                                   1

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION NO. 2

The Superseding Indictment is not evidence.  The defendants have pled not guilty to the charges.  Each defendant is presumed to be innocent unless and until the government proves him guilty beyond a reasonable doubt. In addition, a defendant does not have to testify or present any evidence to prove innocence.

INSTRUCTION NO. 3

Because of the presumption of innocence, a defendant does not have to prove innocence.  The burden of proof is always on the government and never shifts to the defendant.

The burden on the government is to prove every element of the charges beyond a reasonable doubt.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant not guilty.  However, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant guilty.

1                        INSTRUCTION NO. 4

2        A defendant in a criminal case has a constitutional right not

3   to testify.   You may not draw any inference of any kind from the

4   fact that a defendant did not testify.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are
consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received into evidence; and

(3) any facts to which the parties have agreed, through
stipulation as has been stated to you.

INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony and exhibits received into evidence.   The following things are not evidence and you may not consider them in deciding what the facts are:

1.   Questions, statements, objections, and arguments by the lawyers are not evidence.   The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.   Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.   If the facts as you remember them differ from the way the lawyers state them, your memory of the facts controls.

2.   Any  testimony that I have excluded, stricken, or instructed you to disregard is not evidence.   In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence.   You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 7

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you could find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   the witness's opportunity and ability to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case, if any;

5.   the witness's bias or prejudice, if any;

6.   whether other evidence contradicted the witness's testimony;

7.   the reasonableness of the witness's testimony in light of all the evidence; and

8.   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 9

You are here only to determine whether each defendant is guilty or not guilty of the charges against him in the Superseding Indictment.  Neither defendant is on trial for any conduct or offense not charged in the Superseding Indictment.

INSTRUCTION NO. 10

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific count.

INSTRUCTION NO. 11

Although the defendants have been tried together, you must give separate consideration to each defendant. In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against the other defendant. The fact that you may find one defendant guilty or not guilty should not control your verdict as to the other defendant.

INSTRUCTION NO. 12

An act is done knowingly if a defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that a defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether a defendant acted knowingly.

INSTRUCTION NO. 13

You have heard evidence that Charles Head made one or more statements to John Sommercamp. This evidence has been admitted only for the limited purpose of establishing the guilt of Charles Head, following all of my other instructions.  Therefore, you must consider it only for that limited purpose and not for any other purpose.

You have also heard evidence that Jeremy Michael Head made one or more statements to John Sommercamp. This evidence has been admitted only for the limited purpose of establishing the guilt of Jeremy Michael Head, following all of my other instructions. Therefore, you must consider it only for that limited purpose and not for any other purpose.

You may not consider the statements made by Charles Head to determine the guilt of Jeremy Michael Head; you also may not consider the statements of Jeremy Michael Head to determine the guilt of Charles Head.

INSTRUCTION NO. 14

You have heard evidence that Jeremy Michael Head committed some acts that are not the subject of any criminal charge, namely those acts related to a transaction with Nickadia Daniels. You may consider this evidence only for its bearing, if any, on the question of Jeremy Michael Head's intent, motive, preparation, plan, absence of mistake or of accident, and for no other purpose. You may not consider this evidence as evidence of guilt of any crime for which Charles Head is now on trial.

INSTRUCTION NO. 15

    You have heard testimony from witnesses who have received a
grant of immunity from the government, namely Elizabeth Russell,
previously known as Elizabeth Huerta, and Nora Rivas. Their
testimony was given in exchange for a promise by the government that
the testimony will not be used in any case against these witnesses.

    For this reason, in evaluating the testimony of Ms. Russell,
previously known as Huerta, and Ms. Rivas, you should consider the
extent to which or whether their testimony may have been influenced
by this factor. In addition, you should examine the testimony of Ms.
Russell, previously known as Huerta, and Ms. Rivas with greater
caution than that of other witnesses.

INSTRUCTION NO. 16

You have heard testimony from witnesses who have pled guilty to a crime arising out of the same events for which each defendant is on trial. These witnesses include Omar Sandoval, Kou Yang, Justin Wiley and Sarah Mattson.  These persons' guilty pleas are not evidence against either defendant, and you may consider those pleas only in determining these witnesses' believability.

For this reason, in evaluating the testimony of Mr. Sandoval, Ms. Yang, Mr. Wiley and Ms. Mattson, you should consider the extent to which or whether their testimony may have been influenced by their plea agreements. In addition, you should examine the testimony of Mr. Sandoval, Ms. Yang, Mr. Wiley and Ms. Mattson with greater caution than that of other witnesses.

INSTRUCTION NO. 17

During closing arguments, certain charts and summaries have
been shown to you by an attorney in order to help explain his
interpretation of the evidence in the case. These charts and
summaries will not be admitted in evidence and will not go into the
jury room with you. They are not themselves evidence or proof of any
facts. If they do not correctly reflect the facts or figures shown
by the evidence in the case, you should disregard these charts and
summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 18

Certain charts and summaries have been admitted in evidence. These charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

INSTRUCTION NO. 19

Each defendant is charged in Count One of the Superseding Indictment with conspiring to commit mail fraud in violation of Section 1349 of Title 18 of the United States Code. The Superseding Indictment alleges that the object of the conspiracy was for the defendants to target homeowners near foreclosure, and, through materially false and fraudulent pretenses and by making materially false and fraudulent representations and promises, obtain title in order to gain control of their property and steal any equity that existed in the homes.  It also alleges that a further object of the conspiracy was for the defendants to mislead and lull targeted homeowners into inaction and a false sense of security so as to postpone any complaints to law enforcement or any actions by the targeted homeowners that could potentially disrupt the scheme to defraud.

In order for a defendant to be found guilty of this conspiracy charge, the government must prove each of the following elements as to each defendant beyond a reasonable doubt:

First, beginning on or about January 1, 2004, and ending on or about March 14, 2006, there was an agreement between two or more persons to commit mail fraud as charged in the Superseding Indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the Superseding Indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

INSTRUCTION NO. 20

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following as to that defendant beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

INSTRUCTION NO. 21

You must decide whether the conspiracy charged in the Superseding Indictment existed, and, if it did, who at least some of its members were.  If you find that the conspiracy charged did not exist, then you must return a not guilty verdict on the conspiracy charge, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

INSTRUCTION NO. 22

Charles Head is charged in Counts Two, Three, Five and Six of the Superseding Indictment, and Jeremy Michael Head is charged in Counts Three and Eleven, with mail fraud in violation of Section 1341 of Title 18 of the United States Code.

In order for a defendant to be found guilty of a charge of mail fraud, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

////
////
////
////
////

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

INSTRUCTION NO. 23

    If you decide that a defendant was a member of a scheme to defraud and that that defendant had the intent to defraud, that defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if that defendant did not know what the others said or did.

    For a defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that that defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

INSTRUCTION NO. 24

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement on each count if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 25

Because you must base your verdicts only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.

If any juror is exposed to any outside information, please notify the court immediately. Your verdicts must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdicts should be – that is entirely for you to decide.

1                          INSTRUCTION NO. 26

2        Some of you have taken notes during the trial.  Whether or not

3   you took notes, you should rely on your own memory of what was said.

4   Notes are only to assist your memory.  You should not be overly

5   influenced by your notes or those of your fellow jurors.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 27

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against each defendant beyond a reasonable doubt.

INSTRUCTION NO. 28

A verdict form for each defendant has been prepared for you. After you have reached unanimous agreement on each verdict, your foreperson should complete the verdict forms according to your deliberations, sign and date them, and advise the clerk that you are ready to return to the courtroom.

INSTRUCTION NO. 29

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone--including me-- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendants, until after you have reached a unanimous verdict or have been discharged.