Jeremy Michael Head
Federal Register Number: 17757-097
Federal Prison Camp - North
4000 Victory Road
Lompoc, California 93436-2737

In Propria Persona
&
In Forma Pauperis

FILED
SEP 24 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO)

JEREMY MICHAEL HEAD,          )
     Defendant-**MOVANT**,    )
                              )
versus                        )  Criminal Case Number: 2:08-CR-00093-KLM
                              )
UNITED STATES OF AMERICA,     )
     Plaintiff-**RESPONDENT**.)

MOVANT REPLY TO RESPONDENT'S OPPOSITION TO MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE

## BACKGROUND

On May 29, 2018, Movant Jeremy Michael Head,(hereinafter, "Defendant/ Movant/JMH"), filed his 28 U.S.C. § 2255. **Dkt. 1579**.

On June 25, 2018, Movant filed "Memorandum of Points and Authorities" in support of the May 29, 2018 28 U.S.C. § 2255(":2255"). **Dkt. 1584**

On July 2, 2018, Movant filed his "Seek Leave Permission to Amend Motion under 28 U.S.C. § 2255." **Dkt. 1586**

On September 4, 2018, Government filed "Opposition To Defendant's Motion to Vacate, Set Aside, or Correct Sentence." **Dkt. 1596**

## MOVANT REPLY

Following the government's less than objective EIGHT page regurgitation of defendant's criminal proceedings, precedes the government's "rewrite" and edit of Movant's, twenty-four separate stand alone non-related grounds for vacation of JMH's sentence. Movant will discuss the admissions of some of these grounds by respondent's when the specific ground is replied below. For the reasons set below, the twenty-four § 2255 grounds and the Memorandums of points and authoirties in support of these grounds, the Court should **GRANT** Movant's §2255.

Despite the government's vail attempt to disguise their "providing a more orderly analysis of the issues,"[1A] which is nothing more than an attempt to rewrite and edit the Grounds for the sole purpose of denial, Movant will reply to the government's alleged response to each ground as Movant presented them to this Honorable Court in the Format Required by this Court.

## GROUND ONE

The issue is that <u>before</u> JMH's sentencing, this Court made a finding that applied by the Court's finding language to <u>all</u> coconspirators. The Court had ample opportunity to narrowly find the fact, but it did not. The United States Attorney["USA"] had ample opportunity to appeal the Court's finding and/or request the Court to narrow or limit it's finding, they did not. **GOpp page 13 @ n. 13** Court reviewed JMH's conspiracy participation.

The above are FACTS, which are not a matter of opinion, but they are to settle arguments. The government's **OPPOSITION**["GOpp"] would like this Court to ignore first and foremost that they and the government created and agreed to this broad finding "[evidence] shows that [Charles]Head is the **ONLY** coconspirator to have participated in and profited from every transaction." Both the Court and the USA are res judicata and/or collaterally estopped from finding or even arguing otherwise at JMH's sentencing and also here to Ground One. To find/argue otherwise is a violation of JMH's Right to Due Process under the Fifth Amendment. Further, the Court's findings at <u>Bernot</u> sentencing clearly apply to JMH's Sentencing, thus vacation is required.

The government would have this Court ignore it's own <u>universal to all coconspirators</u> finding in <u>Bernot</u> and JUMP THE SHARK to the Guidelines and case law such as <u>Treadwell</u>, which the government wants to apply to these facts and does not because a finding has already been established and the government did NOT object to it. The governemnt's opposition is without merit. All of the case law and USSG cited are wrapped up in the <u>Bernot</u> coconspirator finding that precedes JMH's sentencing.

---

[1A] Clarity to the government appears to mean anything they can restate for the sole purpose of denying. That <u>IS</u> certainly clear!

-2-

It is not JMH who is comparing <u>Bernot</u> to himself, it is the Court who finds specific relevant facts of record.[1] Unlike trial counsel's ill fated argument of <u>Mattson</u> and her (locked in) plea loss agreement [which has nothing to do with this Ground, simply another USA attempted misdirection] (and later on GOpp page 13 (page number refers bottom of page) line 17-18 where the government intentionally misrepresents the fact that JMH was NOT present at this joint conspirator meeting).(Pointed out for consideration of the governemnt's credibility in this filing.) Later in footnote 6 of page 13 GOpp affirms government's refusal to appeal the findings of this Court. Their opinion that an "abuse of discretion" standard is highly deferential is almost laughable given they would prefer this Court to now grant a defacto appeal to avoid the <u>results</u> of their refusal to appeal which is res judicata and/or collateral estoppel!

In short, all of the government's claims of relevant conduct do not change the fact (fully admitted in footnote 6) they know they did not appeal and res judicata and/or collateral estoppel are the direct result. Now they want it both ways...they cannot have it. If the Court allows it, this would be an abuse of discretion.

**GROUND TWO**

Movant's reply to Ground One above are hereby realleged and incoroprated herein, as if fully set forth.

Both trial and appellate counsel provided Ineffective Assistance of Counsel ["IAC"] as cited word for word in GROUND TWO.

---

[1] If the USA had appealed the Court's factual finding pursuant all "coconspirators" they surely would have argued each and every position taken on GOpp page 14 @ lns 2 through 20. But they did not and to argue them now is futile and meritless. The final <u>sentence</u> <u>Id</u>. LNS. 19-12: "Indeed, it would have been contrary to law to have assumed that the scope of any one defendant's relevant condcut was determinative of any other's." is simply another rewrite of the otherwise existing facts. For one, it is NOT an <u>assumption</u> JMH argues, it is a fact on the record of the case following the taking of evidence; the government making a decision they now argue has consequences they do not like. Well, decisions, as actions, have consequences, many we do not like but that still does not change the facts and GRANTING of Ground One should be the result.

## GROUND THREE

Again the government wants to jump over the inconvenient facts found in Bernot as to "coconspirators", sharing in profits, and actual(not perceived) actions of each coconspirator. Further, the indictment is clear, JMH is not charged with conspiring through the mail to defraud lenders, only homeowners. If the USA had wanted to expand the indictment they are required to first obtain another Superseding Indictment **FROM** the Grand Jury, not assume one as they do here. The Constitution makes clear, facts that are uncharged, dismissed or otherwise a violation of due process may **NOT** be included in the knowingly broad largely unrestrained universe of facts that may be considered for purposes of imposing an appropriate sentence. Nelson v US, 137 S.Ct. 1249 (2017)(and like all stautes, 18 U.S.C. § 3661 **MUST** be read within the context of the Constitution--Even if it is an inconvenient fact!). Loss amounts utilized to enhance a sentence that are generated from uncharged, dismissed or timed-out conduct may not be utilized to sentence JMH.

## GROUND FOUR

At the risk of repeating the facts found on the record, the only reply JMH has to government's Ground Four opposition: Following Coconspirator Bernot's October 13 evidentiary hearing, "[t]he Court finds that, [in the conspiracy] unless codefendants worked together **directly**, the profits of any one [co-defendant] were independent of those of **ANY** other [coconspirator]. Additionally, [a coconspirator]'s profits must be considered relative to those of [the]other [coconspirators]. [I]nstead, [evidence] shows that [Charles]Head is the **ONLY** [coconspirator] to have participated in and profited from every transaction. [T]o the extent an 'overall[conspiracy]operation' existed [Charles]Head was the **ONLY** beneficiary of that operation."

Bernot found as a fact that **ONLY** [Charles]Head participated in and profited from every transaction." In short, PSR #12 was utilized when it came to calculating losses for sentencing enhancement purposes under the

-4-

banner of PSR #12 that "the conspirators were interconnected and accountable to each other." An extremely broad and all encompassing statement found otherwise in <u>Bernot</u> to NOT be a fact!

**GROUND FIVE**

Here there is no need for a reply as JMH's Memorandum and Reply to Ground ONE above are more than sufficient to meet the <u>Strickland v. Washington</u> test for demonstrating that Trial and Appellate Counsel provided IAC.

**GROUND SIX**

As the government knows, failure by Trial Counsel to object to lender testimony before it was permitted, object to testimony after it was given and request the court strike said testimony and otherwise limit the obvious and prejudicial effect such testimony had upon JMH$^2$ is not a trial strategy but clear IAC. Counsel was all but obligated to make clear to the jury that the indictment intentionally limits homeowners were the object in the charged indictment. Further, Counsel should have done this to distinguish JMH from his damaging brother's activity otherwise. The government argued elements of Bank Fraud and Trial Counsel was IAC for failing to object and failing to have the Court clarify JMH was not charged with the elements of Bank Fraud. Instead, by failing to object the jury was continuously hammered with a false sense that JMH had committed Bank and Wire Fraud. This trial counsel failure clearly prejudiced JMH throughout trial, at sentencing, and absent objections, on direct appeal.

**GROUND SEVEN**

Previously in the "Consolidated Answering Brief of the United States" to the Direct Appeal, the government argued that Trial Counsel failed to object on the record that the word "particularly" was to immediately precede the word "susceptible" when defining vulnerable victims in the PSR, concluding that this failure by trial counsel waived Federal Rule of Criminal Procedure 32 requirements. Now they are saying this does not rise to the level of

---

2 It is widely known that testimonial statements like these had the natural tendency to influnece, or were capable of influencing, the jury negatively for JMH.

unprofessional performance that prejudiced JMH. Within the context of the proceedings this was certainly IAC and prejudiced JMH increasing his offense level and thereby his sentence. It matters not at all that later the Ninth Circuit said it would have determined the vulnurable victim enhancement otherwise. They simply cannot know this as an appeal would have been able to expand upon the use and meaning of this critical defining qualifying word[particularly].

Besides, the government had already concurred with this as they so stated in their consolidated brief that counsel's failure to properly and timely object prevented JMH from having the court hear the Rule 32 issue and allow a direct appeal on the findings of the court as to this issue.

**GROUND EIGHT**

The government's feigned "it is unclear what Head's [Appellate Counsel variance issue]complaint might be" goes to the heart of Ground Eight. The indisputable facts are that following the indictment, the government purposely ignored that JMH was not charged with TWO conspiracies but of ONE against homeowners, but not another against lenders. Even the government during closing arguments told the jury that there were TWO conspiracies whose objects were (1) homeowners and (2) lenders. It is not what was actually contained in the charging document it is the reality of the testimony. Appellate Counsel was IAC for not arguing the variance issue as per the conduct permitted by this Court during trial. Further, the variance argument was on full display during sentencing as to base offense and enhancements utilized by the government and virtually rubber stamped by the same Court that appears to have knowingly permitted the TWO Conspiracies(one chaged - homeowners and one uncharged - lenders) to be tried as though jurisdiction had been given to conduct a trial on both when it had not. Appellate Counsel was IAC.

**GROUND NINE**

The Court readily admitted on the record in open court to the jury, "you[the jury]are here only to determine whether each defendant is guilty of the charges against him in the Superseding Indictment." Jury Instruction No. 9 Hence, Trial and Appellate counsel provided IAC for failing to argue, as the Supreme Court has recognized for well over a century, "[t]he principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law."Cofffin v US, 156 U.S. 432, 453 (1895) Further, this IAC is compounded by Trial and Appellate Counsel knowing but intentionally ignoring that 18 U.S.C. § 3661 is required to be read within the context of the constitution's due process clause which was otherwise violated by JMH's enhanced sentence. Nelson v Colorado, 137 S.Ct. 1249, 197 LED2D 611 (2017)

**GROUND TEN**

The government fails to respond to the fact that 18 U.S.C. § 3661 is required to be read within the context of the constitution's due process clause which was otherwise violated by JMH's enchanced sentence. Nelson

Further, the government fails to distinguish between "loss amounts" and "restitution." While JMH may have stipulated to restitution(well after setnencing)he has not and as the government knows, does not stipulate to the loss amount calculated via uncharged conduct.³ The government therefore, does not argue "loss" and hence, fully admits to this as a material fact not in dispute - to wit: the loss amount as calculated violates JMH's due process rights otherwise guaranteed under the Fifth Amendment of the U.S. Constitution, with Trial and Appellate Counsel having failed to Object and hence provided JMH with IAC.

---

3 The government mistates the fact that the $7,000,000 loss amount calculation included 14 [banks]lenders. Only after sentencing did the government stipulate that only ONE lender should be included in restitution amounts for JMH. Hence, government knows but intentionally ignores the IAC by Trial and Appellate Counsel who failed to object to these due process violations.

-7-

**GROUND ELEVEN**

The government misstates the facts and thus misapplies the applicable law. The Appellate Counsel was IAC for not appealing that the Court committed Plain Error allowing the Governemnts' closing arguments to conclude that there were <u>two</u> charged conspiracies for which JMH was guilty. This uncharged conduct was thus permitted by the Court during the trial and continued to be permitted throughout sentencing in calculating enhancements, to wit: $7,000,000 in losses(not restitution - LOSSES).

**GROUND TWELVE**

Contrary to the government's GOpp, JMH did not repeat the same claims contained in Grounds Ten and Eleven. Ten and Eleven deal <u>exclusively</u> with IAC of Trial and/or Appellate Counsel. Ground Twelve clearly and concisely deals with this Court and the USA's due process violations.

The PSR ¶16 alleges "14 lender(ucharged) victim" losses attributed to JMH and utilized by the USA and this Court to determine the both the number of "victims" and $7,000,000 "loss"(not restitution). Further, this Court had previously made findings in <u>Bernot</u> that $1,300,000 loan amounts were attributed to JMH - not $7,000,000!

**GROUND THIRTEEN**

Government's only opposition to Ground Thirteen is that "failure to raise a meritless argument does not constitute ineffective assistance." <u>Boag v Raines</u>, 769 F.2d @ 1344 GOpp ignores that before conduct is considered "relevant" it must meet the standards of 18 U.S.C. § 3661 when read in the context of the constitution. Thus reading it so, reveals lenders losses where not proven to the $7,000,000 amount but on the record for only $1,300,000. <u>Bernot</u> The only thing meritless here is government's failure to respond adequately, it at all. Therefore, government concedes the issue.

-8-

### GROUND FOURTEEN

The government fully admits that the Court committed plain error during conducting a hearing **AFTER** it's finding in Bernot, to wit: relevant conduct in applying lender losses from fraud's committed by other salespeople was "reasonably foreseeable" relevant conduct. That ship had already sailed and the government was res judicata from arguing this, the Court was collaterally estopped from conducting such a hearing, let alone making a finding having already found as a fact on the record of the case otherwise. This admission by the government rises to the level of Plain Error(which cannot be waived) and abuse of discrection as the Court lacked subject-matter jurisdiction to have conducted such a hearing and make such a finding **AFTER** having already found otherwise after taking evidence over a three day hearing in Bernot. Hence, trial counsel was IAC for not arguing the res judicata/collaeral estoppel, plain error, abuse of discretion and subject-matter jurisdiction.

### GROUND FIFTEEN

The government rolls out the same fatally flawed "facts", supported by same legal errors as GOpp to Ground Fourteen. Appellate Counsel was IAC for failure to argue the Court had committed plain error, abused it's discretion and lacked subject-matter jurisdicition as enumerated sufficiently above in Ground Fourteen which is hereby realleged in Ground Fifteen. Clearly as in Ground Fourteen, JMH was prejudiced by the number of victims and loss amounts otherwise, sentencing enhancements that were unconstitutionally derived and applied to movnat's sentence.

### GROUND SIXTEEN

The government attempts to improperly recast JMH's specfic Ground. Defendant's claim's plain language is clear - Trial Counsel was IAC "failing to argue **throughout** the trial(in lieu of waiting until closing arguments) and at final arguments that the **ONLY** alleged coconspirator [JMH] to keep his homeowner victims loans current by paying the mortgages himself[]."
It was simply common knowledge that for effective assistance there must

be some counsel during the trial, not just attempted at the end. This is
espcially true in a fraud case. This was not a trial strategy but was not
even contemplated by counsel until JMH insisted that he inform the jury
of these acts of clear distinction. The government would have this Court
find that some assistance is all that is required, that is simply not true.
Especially when it is .... provided only after the insistence of the defendant
after even he can see that absent this information the jury was tying his
treatment* and Charles Head as the same, when it was factually different. * of homeowner

## GROUND SEVENTEEN

The government would have this Court ignore the context and reality
of the trial proceedings pursuant Due Process. Timing and presentation
of differentiating evidence is crucial to the due process clause. A continual
violation of this guarenteed right which not litgated at trial or appropriately
during sentencing proceedings(despite trial counsel's overature otherwise)
could have been raised on appeal as plain error and was not. Hence, Appellate
Counsel is to be consdiered IAC as such failure prejudiced JMH with the
jury's embedded confirmation bias as a direct result, carried forward into
sentencing by the court and exploited by the government.

## GROUND EIGHTEEN

The government does not argue otherwise in it's GOpp that Trial Counsel
was NOT IAC for failing to argue during trial that foreclosures did not
start to occur until the government sought and received a Grand Jury Indictment
from which victim statements were sent to the lenders and NO victim statements
were returned from the lenders. [NOTE: Government also does not argue that
these foreclosures did not start until shortly after the governemnt sought,
received and served indictments on the coconspirators and caused to be
sent ot Victim Impact Statement forms to the homeowners **AND** lenders.] None
of this contextual information was argued in front of the jury pursuant
the fact that none of JMH's client's were foreclosed, despite these statements
being sent to the homeowners and lenders, the government sits silent.

-10-

Instead, the government wishes to solely rely upon Yarborough v Gentry, 540 U.S. 1, 6 (2003) Closing arguments should "sharpen and clarify issues[already before the jury]for resolution by the trier of fact[]." NEW issues should not wait until at the end of the trial as is commonly known to trial counsel's such timing is not a "legitimate trial strategy at that stage" and is not a "reasonable answer" as to "which issues to sharpen and how best to clarify them." Preventing confirmation bias is a top priority for effective assistance or any assistance whatsoever. Waiting to climb the mountain of prejudice\* at closing is construed by juries to be a desparate move and not preferred on any level. This is especially true when counsel has to be advised by his own client telling him this is his final chance to get this critical information in front of the jury. More importantly the record is void of these critical defense facts. \* Material to any jury because the statements had the natural tendency to influence, or were capable of influencing jury verdits.

**GROUND TWENTY**

The government, as it has throughout it's GOpp, is incorrect on the facts. The Court after three days of taking evidence "[found] that, unless codefendants worked together directly, the profits of one person were independent of those of any other. []Although the government seeks to attribute to [JMHJ] lossess from every transaction by [Charles]Head or one of his associates that was completed during the time period charged in the superseding indictment, the evidence instead shows that [Charles]Head is the **ONLY** coconspirator to have participated in and profited from **EVERY** transaction. [Charles Head] was the only beneficiary of th[e] operation." Is this a fact on the record of the case and is it stated without qualification and applicable to all codendants? <u>YES IT IS</u>! These are irrefutable facts on the record of the case which the government now seeks to deny, change, ignore or relitigate - all actions without authority.

Clearly Trial Counsel knew or should have known these facts were found on the record of the case **BEFORE** JMH was sentenced but failed to argue these, and is clearly IAC. JMH was clearly prejudiced by counsel's IAC.

-11-

### GROUND TWENTY-ONE

Based on the same irrefutable facts in Ground Twenty above(realleged herein) Appellate Counsel was IAC and government other than ignoring the irrefutable facts detailed in Ground Twenty, fails to argue otherwise and therefore concedes this ground.

### GROUND TWENTY-TWO

Again the government subtly changes facts. It is not restitution at question it is the allegation of lies being told to 14 lenders that were utilized by the government during trial that resulted in alleged losses that requires the application of the confrontation clause. Clearly this was violated. How do we know that these lenders entered these transactions based upon alleged lies, and how do we set the losses during trial without confronting the witnesses or victims or their successors(if liquidated or sold or merged and what of SLIC or FDIC or otherwise claims]? The lenders were utilized in loss calculations so how is it that they got to this category without vicitm impact statements, entrance of records all the identified institutions were allegedly influenced to loan funds?

If the government was permitted to reference the lenders as victims (without having received ONE Victim Impact Statement form) and to discuss foreclosures and losses to the "lenders" how is it that JMH is not allowed to confront those who have given testimony against him? Perhaps the government is correct and fully admits that the Court committed plain error in allowing such statements to carry the weight of testimonial evidence without the right of confrontation.[4]

### GROUND TWENTY-THREE

Reply to Ground Twenty-Two is hereby realleged and incorporated herein,

---

[4] How is it that "[no] succesor companies are [known]" by the government and yet they speak for them as if they know them and the facts, all the while denying JMH his Sixth Amendment right to confrontation?

-12-

as if fully set forth.

Rather than argue the object of this Ground the government attempts to deflect the issue stating that if this is for sentencing or the PSR then JMH does not have a confrontation Sixth Amendment Right. JMH's Ground is that Trial Counsel was IAC for not objecting to these testimonial statements and should have filed a motion to suppress these statements until the government presented the witnesses. While the PSR noted the "14 lender victims" the attachment referenced in PSR ¶16 was previously a Trial Exhibit. Therefore, testimonial evidence that Trail Counsel failed to object and was clearly IAC. This was highly prejudicial to JMH as the kind of evidence that has the natural tendency to influence, or was capable of influencing, the jury as to losses alleged to have been caused by JMH through the Mail Fraud allegation. ("A[n trial exhibit]statement is material if it objectively had a tendency to influence, or was capable of influencing, a [juror to]approve [find a guilty charge]." US v Lindsey, 850 F.3d 1009, 1015 (9th Cir. 2017)

## GROUND TWENTY-FOUR

Reply to Ground Twenty-Two & Three are hereby realleged and incorporated herein, as if fully set forth.

### CONCLUSION

For the reasons set forth above, the Motion, Memorandum of Points and Authorities in Support and Supplemental Motion of Grounds, Movant Jeremy Michael Head respectfully suggest that this Honorable Court **GRANT** the Motion.

Respectfully Submitted,    September 20, 2018

Jeremy Michael Head, Pro Se Prisoner Defendant-Movant

## CERTIFICATE OF SERVICE

I, Jeremy Michael Head, hereby certify that on September 21, 2018, I mailed First-Class Mail with sufficient postage affixed, Movant Reply to Respondent's Opposition to Motion to Vacate, Set Aside, or Correct Sentence
<u>TO:</u> Clerk, U.S. District Court
Eastern District of California
501 "I" Street, Room 4-200
Sacramento, California 95814-7300

I further certify that the following person(s) will receive service of the above through the Court's Electronic[E-mail] Case Filing System:
michael.anderson@usdoj.gov  matthew.morris@usdoj.gov

Jeremy Michael Head, 17757-097
Federal Prison Camp
4000 Victory Road
Lompoc, California 93436-2737

_____, Server
Jeremy Michael Head

## DECLARATION OF MAILING

I, Jeremy Michael Head, declare under penalty of perjury, and pursuant 28 U.S.C. § 1746(1), under the laws of the United States of America, that on September 20, 2018, I deposited with sufficient First-Class Postage Affixed the above document by personally hand-delivering the sealed envelope with the Correctional Officer on duty at "North-Camp" at Federal Prison Camp, Lompoc, California to the address above.

_____, Declarant
Jeremy Michael Head

September 20, 2018

Page 1 of 1